UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ALLISON R. E.,[1] Plaintiff, v. FRANK BISIGNANO, Defendant. | ) ) ) ) ) ) ) ) ) | No. 2:24-cv-00397-MJD-JRS |

**ORDER ON MOTION FOR ATTORNEY FEES**

This matter is before the Court is Plaintiff's motion for an attorney fee award of $12,677.00, pursuant to 42 U.S.C. § 406(b). [Dkt. 27.] For the reasons set forth below, the motion is **GRANTED**.

## I. Background

On August 7, 2024, Plaintiff filed a complaint seeking to reverse the decisions of the Commissioner of Social Security denying her application for Social Security benefits. [Dkt. 1.] On March 19, 2025, the Court granted the parties' Joint Motion to Remand and entered judgment reversing and remanding the case to the Social Security Administration for further proceedings. [Dkts. 18, 19, & 20.] Plaintiff thereafter received an award of attorney's fees under the Equal

[1] In an effort to protect the privacy interests of claimants for Social Security benefits, the Southern District of Indiana has adopted the recommendations put forth by the Court Administration and Case Management Committee of the Administrative Office of the United States Courts regarding the practice of using only the first name and last initial of any non-government parties in Social Security opinions. The Undersigned has elected to implement that practice in this Order.

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(a), in the amount of $2,573.25, which was paid to Plaintiff's counsel. [Dkt. 26.]

On remand, the Commissioner issued a favorable decision. [Dkt. 28-2.] Plaintiff was awarded past-due benefits in the amount of $50,708.00, of which 25%, or $12,677.00, was withheld by the Commissioner for a potential fee award. [Dkt. 28-3 at 4.] Counsel asks the Court to order the Commissioner to remit to counsel $12,677.00.

## II. Legal Standard

Section 406(b) of the Social Security Act provides that a district court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as part of a judgment in favor of the claimant in a disability benefit appeal. 42 U.S.C. § 406(b)(1)(A). The Court must review the outcome of any contingent fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

## III. Discussion

As noted above, Plaintiff's counsel seeks an award of attorney fees in the amount of $12,677.00. The Commissioner does not argue that this amount is unreasonable. [Dkt. 30.] ("Defendant neither supports nor opposes counsel's request for attorney fees in the amount of $12,677.00, under 42 U.S.C. § 406(b).").

The contingency fee agreement between Plaintiff and her counsel entitled counsel to seek fees up to 25% of the total past-due benefits. [Dkt. 28-1 at 1.] The Supreme Court in *Gisbrecht* found that section 406(b) was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. That said, the Court may not simply rubberstamp any fee request that is consistent with the contingency fee agreement.

Rather, the Court is tasked with ensuring that the amount of fees awarded is reasonable. In making this reasonableness determination, *Gisbrecht* instructs district courts to consider such factors as: (1) the quality of the representation; (2) the results achieved; (3) any delay caused by the attorney that results in the accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the time the attorney spent on the case, in which case a "downward adjustment" is appropriate to avoid a windfall for counsel. *Id.* at 808.

The requested fee award of $12,677.00 in this case would equate to awarding Plaintiff's counsel approximately $1,293.57 for each of the 9.8 attorney hours that were spent on this case in this court. [Dkt. 28-4.] For over a decade, "within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 [have] consistently [been] found to be reasonable." *Bradley L. v. Kijakazi*, 2021 WL 3931167, at *3 (S.D. Ind. Sept. 2, 2021) (quoting *Taylor v. Berryhill*, 2018 WL 4932042, at *2 (S.D. Ind. Oct. 10, 2018)); *see*, *e.g.*, *Schimpf v. Astrue*, 2008 WL 4614658, at *3 (N.D. Ind. Oct. 16, 2008) (approving award equivalent to an hourly rate of $583.50). But awards equivalent to significantly higher hourly rates have also been made. *See, e.g.*, *Arnold v. Bisignano*, 145 F.4th 768, 772–73 (7th Cir. July 31, 2025) (equivalent hourly rate of $1,212.74); *Janet H. v. Saul*, 2020 WL 6946471, at *2 (S.D. Ind. Nov. 25, 2020) (equivalent hourly rate of $3,333.00);[2] *McPeters v. Saul*, 2020 WL 2507935, at *2 (N.D. Ind. May 15, 2020) (equivalent hourly rate of $1,522.14); *Kirby v. Berryhill*, 2017 WL 5891059, at *1 (N.D. Il. Nov. 29, 2017) (equivalent hourly rate of $1,612.28); *Parker v. Saul*, 2020 WL 6048146, at *2 (N.D. Ind. Oct. 13, 2020) (equivalent hourly rate of $1,409.47); *Heise v. Colvin*, 2016 WL 7266741, at *2 (W.D. Wis. Dec. 15, 2016) (equivalent hourly rate of just over $1,100); *Zenner v. Saul*, 2020

[2] The Court notes that in the *Janet H.* case, the attorney requested only $10,000.00, even though 25% of the past due benefits awarded totaled $26,612.75. *See Janet H. v. Saul*, 2020 WL 6946471, at *2 (S.D. Ind. Nov. 25, 2020).

WL 1698856, at *2 (N.D. Ind. Apr. 8, 2020) (equivalent hourly rate of $1,167.28); *Baughman v. Saul*, 2021 WL 2809085, at *2 (N.D. Ind. July 6, 2021) (equivalent hourly rate of $1,269.27).

The Court, in its discretion, determines that awarding Plaintiff's counsel $12,677.00 in fees in this case would not result in a windfall to counsel. The imputed hourly rate of approximately $1,293.57 falls within the range of hourly fees that courts within the Seventh Circuit have approved as reasonable given the contingency nature of social security cases and counsel's efficiency. Further, "if a claimant's success on appeal can be attributed to her attorney's endeavors before the district court, then that attorney should reap the benefit of her work—even if she managed to accomplish a great deal in a small window of time." *Hughes v. Comm'r of Soc. Sec.*, 2019 WL 2408035, at *3 (N.D. Ind. May 30, 2019) (cleaned up).

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion [Dkt. 27] and awards fees in the amount of $12,677.00. The award is to be paid directly to Plaintiff's counsel by the Commissioner out of Plaintiff's past-due benefits, in accordance with agency policy. Plaintiff's counsel is **ORDERED** to refund to Plaintiff the $2,573.25 previously paid to counsel **within thirty days** of receipt of the award from the Commissioner.

SO ORDERED**.**

Dated: 23 SEP 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email.